267 N.J. Super. 510 (1993)
631 A.2d 1283
ROBIN L. SCHASER, PLAINTIFF-APPELLANT,
v.
STATE FARM INSURANCE COMPANY, THE HARLEYSVILLE INSURANCE COMPANIES AND NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1993.
Decided October 15, 1993.
*511 Before Judges BAIME, CONLEY and VILLANUEVA.
Charles W. Gabage argued the cause for appellant (Eisenstat, Gabage & Berman, attorneys; Mr. Gabage, on the brief).
Elliot Yampell argued the cause for respondent New Jersey Manufacturers Insurance Company (Yampell & Nicodemo, attorneys; Richard V. Cosentino, on the brief).
*512 L. Patricia Sampoli argued the cause for respondent State Farm Insurance Company (Horn, Goldberg, Gorny, Daniels, Paarz, Plackter & Weiss, attorneys; Ms. Sampoli, on the brief).
The opinion of the court was delivered by VILLANUEVA, J.A.D.
Plaintiff appeals from a Law Division decision, which pro rated uninsured motorist coverage under three insurance policies, pursuant to N.J.S.A. 17:28-1.1(c), because an injured person in the other car was also covered under the policy with the greatest amount of coverage. 255 N.J. Super. 169, 604 A.2d 687. We affirm.
Plaintiff was a passenger in a motor vehicle driven by Thomas Lucas when it was struck by a vehicle owned and operated by David Tucker, who was uninsured. Plaintiff obtained a default judgment of $618,942.50 against Tucker.
Defendant The Harleysville Insurance Companies ("Harleysville") provided Lucas with uninsured motorist single-limit coverage of $100,000. Both plaintiff and Lucas were seriously injured and filed uninsured motorist claims against Harleysville. Plaintiff had uninsured motorist coverage for $15,000 under her insurance policy with defendant State Farm Insurance Company ("State Farm"). Plaintiff was also covered under her father's insurance policy with defendant New Jersey Manufacturers Insurance Company ("New Jersey Manufacturers"), which contained a $35,000 single limit.
All three insurance carriers participated in arbitration which resulted in an award of $400,000 to plaintiff and of $910,000 to Lucas. Plaintiff and Lucas divided pro rata the $100,000 policy limit of the Harleysville policy. Plaintiff received $30,534 (400/1310ths or .30534% of the $100,000 coverage).
Plaintiff demanded payment of the policy limits from State Farm and New Jersey Manufacturers to no avail. Judge Kleiner ordered that the maximum coverage of all policies be pro rated, *513 which resulted in plaintiff receiving $10,000 from State Farm and $23,333.33 from New Jersey Manufacturers.[1]
The appeal involves the interpretation of the statute which prohibits stacking uninsured motorist coverage, N.J.S.A. 17:28-1.1(c), which states:
Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits.
Plaintiff argues that payment of the Harleysville policy limit combined with the policy limits from the State Farm and New Jersey Manufacturers policies still do not reach $100,000 and, therefore, she should be entitled to collect the entire policy limits from both State Farm and New Jersey Manufacturers.
Defendants' argument that the appeal must be dismissed because it was not timely filed has no merit. In his formal written opinion entitled "Opinion," Judge Kleiner concluded by stating:
Judgment is hereby rendered in favor of the plaintiff as follows: $30,534.00 against Harleysville; $10,000 against State Farm; $23,333.33 against N.J.M.
The statement was made in an opinion and not in an order, which is obvious because an order was subsequently prepared and signed, nunc pro tunc. Judge Kleiner did not sign the opinion whereas all orders must be signed, after notice to all attorneys, according to R. 4:42-1(e), as this one was.
We affirm substantially for the reasons set forth in Judge Kleiner's reported decision.
Affirmed.
NOTES
[1] Judge Kleiner also held that defendant National Union Fire Insurance Company (intervenor), who provided plaintiff with workers' compensation benefits as a result of the accident, did not have an equitable lien upon plaintiff's uninsured motorist insurance proceeds. National Union did not appeal.